## A. BACKUS, JR., & SONS *v.* DETROIT RIVER TUNNEL CO.

1. ATTORNEY AND CLIENT — PRINCIPAL AND AGENT — AUTHORITY TO DISCONTINUE WITHOUT COSTS.

   Whether or not an attorney at law has authority to discontinue by stipulation, without costs to either party, proceedings in eminent domain brought against his client under 2 Comp. Laws, § 6242 *et seq.*, he has such authority where the client has previously entered into an agreement with the petitioner providing for the dismissal of the proceedings.

2. CONTRACTS — CONSTRUCTION — STIPULATION — DISCONTINUANCE — COSTS.

   Under a compromise agreement made by plaintiff and a railroad corporation that was engaged in constructing a tunnel by and in the name of defendant tunnel company, whereby the railroad corporation purchased plaintiff's property and both parties agreed to discontinue without costs all pending litigation, proceedings for the condemnation of part of plaintiff's property, commenced in the name of the tunnel company, which later had voluntarily asked to discontinue the proceedings, were included in the compromise, and though the costs therein had been taxed summarily by the trial court, and remained unpaid, defendant was not liable for the amount thereof.

Error to Wayne; Rohnert, J. Submitted November 9, 1911. (Docket No. 73.) Decided December 8, 1911.

Assumpsit by A. Backus, Jr., & Sons, a corporation, against the Detroit River Tunnel Company. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Albert McClatchey*, for appellant.

*J. W. Dohany* (*Henry Russel*, of counsel), for appellee.

OSTRANDER, C. J. A condemnation proceeding was

instituted in the circuit court for the county of Wayne by the Detroit River Tunnel Company, in which the plaintiff herein, a corporation, was described as owner of the land sought to be taken in the proceeding. The petition therein was signed by the Detroit River Tunnel Company, by O. E. Butterfield, its attorney. It is provided by law (2 Comp. Laws, § 6246) that it shall be competent for the company, upon cause shown and with leave of the court, to discontinue all pending proceedings in any such case at any time before the report of the jury or commissioners shall be made to the court; "but the company in all such cases shall pay all the costs of such proceedings so discontinued, with an attorney fee, to be taxed as in cases at law." It does not appear that any order was ever made or entered discontinuing the said proceeding. The record in the case at bar contains an opinion of one of the judges of the Wayne circuit court, entitled "Detroit River Tunnel Company, a Corporation, Petitioner, v. A. Backus, Jr., & Sons, a Corporation, Respondent," in which it is recited that—

"A motion is made by the petitioner to dismiss the jury impaneled in this cause, and to discontinue all pending proceedings."

The statute (§ 6246) is quoted in the opinion, and, after the quotation:

"I feel that no sufficient or reasonable cause has been shown for the dismissal of this jury, and for the discontinuance of these proceedings, after 20 days having been consumed; * * * but if it is the disposition of the petitioner to have the jury dismissed, and to discontinue the pending proceedings, it may do so, *provided*, the petitioner first pays to the respondent the following costs, * * * and an order may then be made and entered accordingly, dismissing the jury and discontinuing said pending proceedings."

There follows a bill of items of costs, verified by the secretary and treasurer of said respondent, apparently approved by the court, amounting to the sum of $2,233.80.

This opinion is dated July 17, 1907, and the affidavit to the items of costs appears to have been made July 16, 1907. It appears from oral testimony that at some time Mr. Butterfield told the jury the tunnel company had decided to discontinue the proceeding, to wait awhile, and the judge would formally dismiss them; that the jury waited, the judge was busy, it was arranged that the jury need not come back, but that Butterfield would then and there, and he did, send for money to pay, and paid, the jury, and the judge dismissed them. This testimony was given by one of the jurors. No new proceeding was instituted. The bill of costs referred to was never paid.

This action, which is in assumpsit, is brought to recover the said sum of $2,233.80. With its plea of the general issue, the defendant gave notice that it would show in its defense, among other things:

(1) That the claim for which the suit is brought, as set up in the declaration, has been fully satisfied and discharged; (2) that according to an agreement made and entered into between the parties on December 24, 1908, it was, among other things, agreed that all pending litigation should be discontinued without costs to either party; (3) that on the first day of February, 1909, the proceedings in which said costs are alleged to have been taxed was by the parties discontinued without costs to either party.

Upon the trial of this issue, the facts already stated appeared, and, in addition thereto, that at some time, not disclosed by the bill of exceptions, but which the brief for appellant says was November 28, 1908, the defendant, the Detroit River Tunnel Company, the Michigan Central Railroad Company, and Butler Brothers-Hoff Company, as complainants, joined in a bill of complaint against A. Backus, Jr., & Sons and the Dime Savings Bank as defendants, praying among other things, for a decree setting aside a certain conveyance of the land involved in the condemnation proceeding as a cloud upon the title of the complainants, and for an injunction. The original bill was offered and received in evidence, and we think

properly so, for the purpose of showing the matters at issue and the parties in interest. It sets out that the Detroit River Tunnel Company was organized for the purpose, among other things, of constructing a double-track railroad tunnel under the Detroit river and adjacent lands between the city of Detroit, Mich., and the township of Sandwich West, in Ontario, in Canada; that the railroad company operates a railroad upon and over the piece of land the title to which was involved; that the Butler Brothers-Hoff Company is a New York corporation; that the defendant bank held a mortgage upon the piece of land in question, with other lands, but otherwise had no interest in the subject-matter; that the defendant A. Backus, Jr., & Sons claims title to the said piece of land and operates a planing mill or box factory upon lands adjacent thereto; that the said tunnel company, in July, 1906, received from the said railroad company a deed of the right to use for tunnel purposes below the grade of said railroad a strip of land which included the parcel of land in question; that the tunnel company, pursuant to the purposes of its organization, entered into a contract with the Butler Brothers-Hoff Company for the construction upon the land and right of way conveyed by the railroad company of a double-track tunnel underneath the Detroit river and adjacent lands about 12,800 feet in length, to cost, approximately, $7,000,000; that after the work of construction was begun the tunnel company was advised that the Backus Company claimed title to the particular piece of land underneath which it was the design of the tunnel company to construct its tunnel, said land being in area about .035 of an acre and unoccupied except by the railroad tracks, unloading platforms, and rolling stock of the railroad company; that, acting upon the supposition that said piece of land belonged to said defendant, the Backus Company, and was of trifling value, and that the construction of the tunnel 30 feet underneath the same was likely to cause little or no damage thereto, the said tunnel company instituted proceedings under the statute

for the purpose of condemning for public use the interest
of the said defendant Backus Company in said parcel of
land; that in the condemnation proceedings the taking of
testimony before a jury continued for some days, the de-
fendant the Backus Company made no question of the
necessity for appropriating the land to the public use, but
represented to the jury that the construction of the tunnel
might cause the soil to settle upon that and adjacent
lands, and that if it did settle it would be likely to result
in damage to the planing mill and business of the Backus
Company; that the extent of the business carried on by
the said defendant in its said mill was sought to be grossly
exaggerated for the purpose of securing an award far in
excess of the fair value of the property sought to be taken
and in excess of the damages which would be likely to re-
sult therefrom.   The bill further sets out the various
actions and methods taken by the said Backus Company
to obstruct and prevent the building of the tunnel, which
need not be here repeated, and charges further that upon
investigation the complainants determined that the partic-
ular piece of land had been openly, continuously, and ad-
versely occupied by the railroad company for more than
15 years before said railroad company deeded said land to
the tunnel company; that the railroad company had a
valid and subsisting title thereto in fee by adverse posses-
sion; that in consideration of the facts and circumstances
disclosed by said investigation the tunnel company dis-
continued said condemnation proceedings and caused the
special jury to be discharged from the further considera-
tion thereof.

What proceedings were taken in the said chancery suit
we do not know.   It appears that later, on December 24,
1908, an agreement was made by the said railroad com-
pany and the Backus Company, which was reduced to
writing, by the terms of which the railroad company was
to purchase and the Backus Company was to convey to
it, not only the land in question, but other lands owned
and claimed to be owned by the Backus Company adja-

cent to the right of way of the railroad company for the sum of $250,000, and said Backus Company was to have a lease of the said property for one year without rent and one year within which to remove all personal property from the premises.    The agreement concluded as follows:

"It is further agreed that all litigation now pending and unsettled shall be discontinued without costs to either party."

It also appeared that the sum of money mentioned in said agreement had been paid, and that thereafter—that is to say, after such payment—two stipulations were made and filed, one entitled in the condemnation proceeding, the other in the chancery cause.    In the condemnation proceeding, the stipulation reads:

"It is hereby stipulated and agreed that the above-entitled proceeding may be and hereby is discontinued without cost to either party thereto."

It is signed, Detroit River Tunnel Company, by Henry Russel, attorney, A. Backus, Jr., & Son, by W. I. Robinson.    It was filed February 1, 1909.    Mr. Robinson represented the Backus Company both in the condemnation proceeding and in the chancery cause.

Concerning the said disposition of the condemnation proceeding, the officers of the Backus Company, who were sworn as witnesses, professed to have no knowledge, and it is denied that any one was ever authorized to compromise or settle any claim for the costs in that proceeding or to dismiss the proceeding without costs or to waive the payment of costs.    The circuit judge directed a verdict for the defendant, and judgment was entered on the verdict.

We are of opinion that the judgment should be affirmed.    Without deciding whether an action would lie for the amount of the costs summarily allowed by the circuit judge under the circumstances disclosed, we think it is manifest that the agreement which has been referred to must be considered as made with knowledge of existing

circumstances, including the one that the said costs had never been paid.  The argument that Mr. Robinson had no special authority, and as attorney of record no general authority, to make the stipulation discontinuing the condemnation proceeding without costs, is answered by the statement that his principal had already agreed that this should be done.  The Michigan Central Railroad appears to have been interested in fact by reason of its relation to the title to the land in dispute in the condemnation proceeding.  It was interested in the chancery proceeding because it was a party thereto.  At the time the agreement was made, the pending litigation referred to therein, if we speak by the record, was the condemnation proceeding and the chancery suit, and the agreement refers to "all litigation now pending and unsettled."

The judgment is affirmed.

STEERE, MOORE, BROOKE, and STONE, JJ., concurred.